UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-80499-BLOOM

JOHNNY THOMAS,

    Petitioner,

v.

JUDGE ROWE,

    Respondent.
_____/

## ORDER DISMISSING 28 U.S.C. § 2241 HABEAS PETITION

**THIS CAUSE** is before the Court on Petitioner Johnny Thomas's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. [1]. Petitioner, a pretrial detainee at the Palm Beach County Jail, seeks release from custody in his pending state criminal case, Case No. 23-CF-3202 in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.[1] The Court has screened the Petition in accordance with Rule 4 of the Rules Governing § 2254 Cases[2] and finds that it is subject to dismissal without prejudice as barred by the *Younger* abstention doctrine.[3]

Section 2241 authorizes a district court to grant a writ of habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Rule 4 of the Rules Governing § 2254 cases allows the district court to summarily dismiss a habeas petition "if it plainly appears from the petition and any attached

---

[1] Pursuant to Fed. R. Evid. 201, the Court may take judicial notice of the online docket in Petitioner's state criminal case. *See Boyd v. Georgia*, 512 F. App'x 915, 917 (11th Cir. 2013). The online record is available at https://appsgp.mypalmbeachclerk.com/eCaseView/search.aspx (search Case No. "2023CF003202").

[2] The Court may apply the Rules Governing § 2254 Cases to petitions under § 2241. *See* Rules Governing § 2254 Cases, R. 1(b); *O'Neal v. United States*, No. 22-CV-20193-BB, 2022 WL 168536, at *1 (S.D. Fla. Jan. 19, 2022).

[3] *Younger v. Harris*, 401 U.S. 37 (1971).

1

exhibits that the petitioner is not entitled to relief." *Hittson v. GDCP Warden*, 759 F.3d 1210, 1270 (11th Cir. 2014) (quoting Rules Governing § 2254 Cases, R. 4); *see also* 28 U.S.C. § 2243 (providing that a § 2241 petition can be dismissed if "[i]t appears from the application that the applicant or person detained is not entitled [to relief.]"). Likewise, the Supreme Court has consistently held that "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing Rules Governing § 2254 Cases, R. 4).

"When a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the *Younger* abstention hurdles before the federal courts can grant such relief." *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004) (quotation omitted). The *Younger* abstention doctrine is premised on a fundamental "public policy against federal interference with state criminal prosecutions." *Younger v. Harris*, 401 U.S. 37, 43 (1971). Accordingly, "*Younger* abstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Christman v. Crist,* 315 F. App'x 231, 232 (11th Cir. 2009) (per curiam) (citations omitted).

"Federal courts have consistently recognized this limitation on enjoining state criminal prosecutions unless one of a few narrow exceptions is met." *Hughes*, 377 F.3d at 1263. The three exceptions to the *Younger* abstention doctrine are when: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Id.* at 1263 n.6 (citing *Younger*, 401 U.S. at 45, 53–54).

Here, the Petition must be summarily dismissed under *Younger*. Petitioner asks this Court to interfere in his ongoing state criminal proceeding, alleging violations of his Sixth Amendment

speedy trial rights. ECF No. [1] at 1. On May 9, 2023, the State charged Petitioner by information with racketeering in violation of Fla. Stat. § 895.03, conspiracy to commit racketeering in violation of Fla. Stat. § 895.03, possession of marijuana with intent to sell in violation of Fla. Stat. § 893.13(1)(A)(2), trafficking in fentanyl in violation of Fla. Stat. § 893.135(4), trafficking in cocaine in violation of Fla. Stat. § 893.1.5(1), and being a felon in possession of a firearm or ammunition in violation of Fla. Stat. § 790.23(1). *See State v. Thomas*, No. 23-CF-3202, Doc. 179 (Fla. 15th Cir. Ct. May 9, 2023).

The Petition's allegations are unclear, but Petitioner generally alleges that Judge Rowe, the judge presiding over his state criminal case, has violated his speedy trial rights. Petitioner claims that on October 2, 2023, Judge Rowe "cancelled speedy trial," which appears to mean he canceled a previously set trial date. ECF No. [1] at 1. Petitioner claims that the State "was not entitle[d] to a recapture period under [the] speedy trial rule."[4] *Id*. He states that he "filed a writ of prohibition on Oct. 03, 2023 for discharge [and] it was denied [on] Oct. 18, 2023." *Id*. Petitioner further alleges that Judge Rowe improperly excluded thirty-three days from the speedy trial time and wrongfully found him incompetent. *Id*. at 2.

On April 30, 2024, Petitioner filed a habeas petition in Case No. 24-cv-80554-DAMIAN, raising similar allegations regarding his speedy trial rights. Judge Damian dismissed the petition under *Younger* and for failure to exhaust state remedies. *See Thomas v. Florida*, No. 24-cv-80554-MD, ECF No. 6 (S.D. Fla. May 20, 2024). Specifically, Judge Damian found that *Younger* applied because (1) Petitioner's state criminal proceedings were ongoing; (2) they involved important state

---

[4] Under Florida's speedy trial rule, adult defendants charged with a felony have the right to be tried within 175 days of arrest. Fla. R. Crim. P. 3191(a). If the defendant is not brought to trial within this period, he may file a "Notice of Expiration of Speedy Trial Time," which triggers a ten-day "recapture period": first, the court must hold a hearing within five days, and if it finds that no exceptions under sub-section (j) exist, the State must bring the defendant to trial within ten days. Fla. R. Crim. P. 3.191(j), (p). If the defendant is not brought to trial within ten days and no exceptions exist, he is entitled to discharge from custody and may not be tried for the crime. Fla. R. Crim. P. 3.191(n), (p)(3).

interests; and (3) Petitioner had an adequate opportunity to raise his speedy trial claims in state court. *Id*. at 3–4.

Petitioner has not offered any new evidence or allegations to show that *Younger* no longer applies. "Because [Petitioner] [i]s involved in ongoing state court proceedings, and his § 2241 petition[] concern[s] the lawfulness of those proceedings and his continued detention pursuant to those proceedings, the *Younger* abstention doctrine preclude[s] federal interference, absent extraordinary circumstance." *Lewis v. Broward Cnty. Sheriff Off.*, No. 20-14603, 2021 WL 5217718, at *2 (11th Cir. Nov. 9, 2021) (alterations added). All three of *Younger*'s elements remain present: (1) Petitioner's state criminal proceedings remain ongoing; (2) his criminal prosecution implicates the important state interest in prosecuting criminal offenses; and (3) he has not shown "that the state proceeding will not provide him an adequate remedy for his federal claim." *Hale v. Pate*, 694 F. App'x 682, 684 (11th Cir. 2017) (citation omitted). Courts must "assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Id*. Petitioner contends that Judge Damian erred in dismissing his first petition, but he fails to explain how this decision was wrong. He merely claims that Judge Damian was "biased" and "prejudiced" against him, but he offers to evidence to support this claim. ECF No. [1] at 3.

Moreover, Petitioner has not shown that any of *Younger*'s three exceptions apply. First, he has not alleged that his prosecution is motivated by bad faith. "A proceeding is initiated in bad faith if it is brought without a reasonable expectation of obtaining a valid conviction." *Chestnut v. Canady*, 853 F. App'x 580, 583 (11th Cir. 2021). Petitioner's allegations of speedy trial violations do not show that his prosecution is motivated by bad faith. *See Johnson v. Florida*, 32 F.4th 1092, 1099–1101 (11th Cir. 2022) (holding that a state pretrial detainee's speedy trial claim was barred by *Younger*).

Second, to satisfy *Younger*'s "irreparable injury" exception, Petitioner must show that the criminal statute under which he is prosecuted is "flagrantly and patently violative of express constitutional prohibitions," or that "unusual circumstances exist that would call for equitable relief." *Butler v. Alabama Jud. Inquiry Comm'n*, 245 F.3d 1257, 1264 (11th Cir. 2001) (quoting *Younger*, 401 U.S. at 53–54). "Certain types of injury," such as "the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term." *Younger*, 401 U.S. at 46. Petitioner's allegations do not show "irreparable injury" as delineated by *Younger*.

And third, Petitioner has not shown that the state courts are incapable of adjudicating his speedy trial claims. *See Johnson*, 32 F.4th at 1100 (holding that the petitioner had not shown that Florida courts were incapable of considering his speedy trial claims); *McGowan v. Dir. of Miami-Dade Dep't of Corr. & Rehab.*, No. 22-13720, 2023 WL 7321634, at *2 (11th Cir. June 7, 2023) (holding that the petitioner could not meet *Younger*'s third exception where he "did not assert that there were laws, rules or procedures that prevented him from raising his claims in state court"). In sum, none of *Younger*'s three exceptions apply and abstention is warranted.

Accordingly, it is **ORDERED and ADJUDGED** that:

1. The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, **ECF No. [1]**, is **DISMISSED WITHOU PREJUDICE** under *Younger v. Harris*, 401 U.S. 37 (1971).

2. No certificate of appealability shall issue.

3. The Clerk is directed to **CLOSE** this case and **DENY** all pending motions as **MOOT**.

Case No. 25-cv-80499-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 25, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Johnny Thomas, *PRO SE*
0130339
Palm Beach County Jail
Inmate Mail/Parcels
Post Office Box 24716
West Palm Beach, FL 33416