UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-80499-BLOOM

JOHNNY THOMAS,

    Petitioner,

v.

JUDGE ROWE,

    Respondent.
_____/

## ORDER

**THIS CAUSE** is before the Court on *pro se* Petitioner Johnny Thomas's "Writ of Prohibition for Motion to Dismiss," liberally construed as a Motion to Reconsider under Federal Rule of Civil Procedure 60(b). ECF No. [4]. Petitioner seeks reconsideration of the dismissal of his 28 U.S.C. § 2241 Petition under *Younger v. Harris*, 401 U.S. 37 (1971). ECF No. [3]. For the following reasons, the Motion is **DENIED**.

Federal Rule of Civil Procedure 60(b) provides relief from final judgments or orders in limited circumstances. *Imperato v. Hartford Ins. Co.*, 803 F. App'x 229, 230 (11th Cir. 2020). "The grounds for granting a Rule 60(b) motion to vacate are (1) mistake or excusable neglect; (2) newly discovered evidence; (3) fraud or misconduct by an opposing party; (4) void judgment; (5) satisfied judgment; or (6) any other reason that justifies relief." *Jones v. S. Pan Servs.*, 450 F. App'x 860, 863 (11th Cir. 2012). "But a Rule 60(b) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Terrell v. Sec'y, Dep't of Veterans Affs.*, 98 F.4th 1343, 1357 (11th Cir 2024) (quotations omitted). Rather, it "must demonstrate why the court should reconsider its prior decision and set forth facts

1

or law of a strongly convincing nature to induce the court to reverse its prior decision." *Socialist Workers Party v. Leahy*, 957 F. Supp. 1262, 1263 (S.D. Fla. 1997) (quotation omitted).

On April 28, 2025, this Court dismissed Petitioner's § 2241 Petition, finding that it was barred by *Younger* because "Petitioner asks this Court to interfere in his ongoing state criminal proceeding[.]" ECF No. [3] at 2. This Court further found that Petitioner had not alleged that any of *Younger*'s three exceptions applied. *Id*. at 4–5. In his Rule 60(b) Motion, Petitioner presents the same allegations he raised in his § 2241 Petition: he claims that his state trial judge violated his speedy trial rights, and he asks this Court to "please dismiss [the] Indictment" and have his state judge disqualified. ECF No. [4] at 1, 4. In other words, Petitioner again asks this Court to interfere in his ongoing state criminal proceeding, and he again fails to allege that any of *Younger*'s exceptions apply. Because Petitioner's Motion merely seeks "to relitigate old matters," it presents no grounds for reconsideration of this Court's finding that Petitioner's claims are barred by *Younger*. *Terrell*, 98 F.4th at 1357.

Accordingly, it is **ORDERED and ADJUDGED** that Petitioner's Motion to Reconsider, **ECF No. [4]**, is **DENIED**, and a certificate of appealability is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 9, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Johnny Thomas, *PRO SE*
0130339
Palm Beach County Jail
Inmate Mail/Parcels
Post Office Box 24716
West Palm Beach, FL 33416